UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL JOHNSON, et al.,

       Plaintiffs,                       CIVIL ACTION NO. 11-15039

      v.                               DISTRICT JUDGE AVERN COHN

WAYNE COUNTY CORPORATION,    MAGISTRATE JUDGE MARK A. RANDON
et al.,
       Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR ALTERNATIVE SERVICE**

On November 14, 2011, Plaintiffs filed a §1983 lawsuit against Defendants Wayne County Corporation, Sheriff Benny Napoleon, Chief Heard, Lt. Faust, Commander Panackia, Sgt. Berri, Cpl. Pettigrew, Officer MacFarland, John Doe, Education Training Research Services ("ETRS"), and Mary Jane Reynolds. (Dkt. #1).

Defendants Wayne County Corporation, Sheriff Benny Napoleon, Chief Heard, Lt. Faust, Commander Panackia, Sgt. Berri, Cpl. Pettigrew, and Officer MacFarland were properly served. Plaintiff mailed the Summons and Complaint to Defendants ETRS and Mary Jane Reynolds, but it was returned as undeliverable. The Summons was issued on November 15, 2011; it expired on March 14, 2012. *See* Fed. R. Civ. P. 4(m).

This matter is before the Court on Plaintiff Daniel Johnson's "Motion for Alternative Service Directing the United States Marshal to Effect Service Upon Defendants and Extend the Time for Service." (Dkt. #22). Johnson asks the Court to order the United States Marshal's Service to serve Defendants ETRS and Mary Jane Reynolds, and to extend the time for service.

-1-

Fed. R. Civ. P. 4(c)(3) says, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(m) says:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

After review of Johnson's motion and the record in this case, the Court finds Defendants will not be prejudiced by an extension, and Johnson showed good cause for failing to serve Defendants ETRS and May Jane Reynolds within the 120 days provided in Rule 4(m). The Court exercises its discretion to **GRANT** Johnson's motion. Accordingly, it is **ORDERED** that:

(1)  The United States Marshal's Service is directed to effectuate service upon Defendants ETRS and Mary Jane Reynolds. The U.S. Marshal's Service may collect the usual and customary costs from the Plaintiff after effectuating service;

(2)  The United States Marshal's Service shall attempt service upon ETRS and May Jane Reynolds at the following address:

ETRS
27423 Woodward Ave, #102
Berkley, MI 48073

(2)  The Summons is extended until **October 9, 2012**.

          s/Mark A. Randon
          Mark A. Randon
          United States Magistrate Judge

Dated: August 8, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 8, 2012, by electronic and/or ordinary mail.*

          *s/Melody Miles*
          *Case Manager*