UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL JOHNSON and
HELEN JOHNSON,

     Plaintiffs,

vs.                                   Case No. 11-15039

WAYNE COUNTY CORPORATION,          HON. AVERN COHN
BENNY NAPOLEON, CHIEF HEARD,
LT. FAUST, COMMANDER PANACKIA,
SGT. BERRI, CPL. PETTIGREW,
DEPUTY MacFARLAND, UNKNOWN
OFFICER,

     Defendants.

_____/


## MEMORANDUM AND ORDER
## GRANTING THE WAYNE COUNTY DEFENDANTS' MOTION TO DISMISS AND FOR
## SUMMARY JUDGMENT (Doc. 54)[1]
## AND DISMISSING CASE

I. Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiffs Daniel Johnson, a

state prisoner, and Helen Johnson, seek damages and injunctive relief. Plaintiffs assert

claims for violation of the 8th amendment (excessive force), 1st amendment (breach of

confidentiality, retaliation for the exercise of 1st amendment rights, and 14th amendment

_____

[1]The Court deems this matter appropriate for decision without oral argument.
See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

(due process).  As will be explained, defendants[2] have filed a motion to dismiss and for

summary judgment, to which plaintiffs have not responded.  For the reasons that follow,

the motion will be granted and the case will be dismissed.

II.  Background

On November 14, 2011, plaintiffs filed a pro se complaint.  (Doc. 1).  In broad

terms, plaintiffs say that Deputy MacFarland used excessive force on Daniel Johnson

during an incident at the Wayne County Jail when Helen Johnson was visiting Daniel

Johnson.  Plaintiffs named the following as defendants:

> Wayne County Corporation
> Benny Napoleon
> Chief Heard
> Sgt. Faust
> Commander Panackia
> Sgt. Berri
> Cpl. Pettigrew
> Deputy MacFarland
> Unknown Officer
> Education Training Research Services
> Mary Jane Reynolds

The matter was referred to a magistrate judge for all pretrial proceedings (Doc.

13).  On May 10, 2012, Wayne County Corporation, Benny Napoleon. Chief Heard, Sgt.

Faust, Commander Panackia, Sgt. Berry, Cpl. Pettigrew, and Deputy MacFarland ("the

Wayne County defendants") filed an answer and affirmative defenses (Doc. 23).

Thereafter, on August 21, 2012, Paul Hughes entered an appearance on behalf of

plaintiffs.  (Doc. 31).  On February 8, 2013, Education Training and Research Services

---

[2]Plaintiffs named an "unknown officer."  However, they have made no attempt to identify and serve this "unknown officer" and the time for service has passed. Accordingly, plaintiffs' claims against "unknown officer" are DISMISSED WITHOUT PREJUDICE.  See Fed. R. Civ. P. 4(m).

and Mary Jane Reynolds filed separate answers and affirmative defenses.  (Docs. 35, 36).  Plaintiffs later agreed to dismiss Education Training Research Services and Mary Jane Reynolds (Doc. 46) and the magistrate judge entered an order of dismissal as to these defendants on July 31, 2013.  (Doc. 47).

On November 22, 2013, plaintiffs' counsel filed a motion to withdraw (Doc. 49) which the magistrate judge granted on November 25, 2013.  (Doc. 50).

On February 4, 2014, the magistrate judge entered a Certification of Completion of Pretrial Proceedings, returning the case to the Court's active docket.  (Doc. 51).

On March 25, 2014, the Court held a status conference with the parties after which it issued a scheduling order.  (Doc. 53).  On August 22, 2014, the Wayne County Defendants filed the instant motion to dismiss or for summary judgment.  (Doc. 54). Under the local rules, a response to the motion was due roughly on or before September 15, 2014.  See E.D. Mich. LR 7.1(e).  Plaintiffs did not file a response. Accordingly, on September 17, 2014, the Court entered an order requiring plaintiffs to file a response on or before October 6, 2014.  (Doc. 55).  That date has since passed; plaintiffs have not filed a response.

### III.  Legal Standard

The fact that plaintiffs have not filed a response to the Wayne County Defendants' motion does not in and of itself warrant judgment in their favor.  The Court of Appeals for the Sixth Circuit has explained:

> [U]nder Rule 56(c), a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).  Although subsequent Supreme Court cases have redefined the movant's initial burden, see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

3

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the requirement that the movant bears the initial burden has remained unaltered. <u>See Celotex</u>, 477 U.S. at 325, 106 S.Ct. at 2553; <u>Street v. J.C. Bradford</u>, 886 F.2d 1472, 1479 (6th Cir.1989). More importantly for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond. <u>Adickes</u>, 398 U.S. at 161, 90 S.Ct. at 1610; <u>Kendall v. Hoover Co.</u>, 751 F.2d 171, 173–174 (6th Cir.1984); <u>Felix v. Young</u>, 536 F.2d 1126, 1135 (6th Cir.1976). In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

<u>Carver v. Bunch</u>, 946 F.2d 451, 454–55 (6th Cir. 1991); cf. Advisory Committee Note on 1963 Amendment to Subdivision (e) of Fed R. Civ. P. 56 (explaining that the amendment was not "designed to affect the ordinary standards applicable to the summary judgment motion," and that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented").

IV.  Analysis

The Wayne County Defendants argue that plaintiffs claims fail because:  (1) plaintiffs have not shown an unconstitutional custom or policy to establish Wayne County Corporation's liability; (2) MacFarland's use of force was justified under the circumstances because Daniel Johnson was being disruptive, verbally assaulting, and otherwise resisting MacFarland and MacFarland is entitled to qualified immunity; and (3) plaintiffs have not shown any personal involvement of the remaining defendants.  The Court agrees and finds that the Wayne County Defendants have met their burden for the reasons explained in their motion and supporting exhibits.

4

V.  Conclusion

For the reasons stated above, the Wayne County Defendants' motion is

GRANTED.  This case is DISMISSED.

SO ORDERED.

_S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2014
        Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, October 31, 2014, by electronic and/or ordinary mail.

S/Sakne Chami_____
Case Manager, (313) 234-5160